[No. 10456.  Department One.  November 20, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY P.
BOTCHFORD, *Appellant*.[1]

FISH—OFFENSES—POLLUTION OF STREAM—EVIDENCE—SUFFICIENCY. A conviction of polluting a stream, under Rem. & Bal. Code, § 5200, is sustained where it appears that the defendant was foreman of the only mill on the stream, and that sawdust was conveyed from the mill to the bank and allowed to escape into the stream in sufficient quantities to endanger the spawn and fish therein.

Appeal from a judgment of the superior court for King county, Main, J., entered September 16, 1911, upon a trial and conviction of polluting a stream. Affirmed.

*Byers & Byers*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

[1]Reported in 127 Pac. 837.

PER CURIAM.—The defendant, charged before a justice of the peace, with permitting sawdust, planer shavings, and other lumber waste to be cast into Raging river, in King county, was convicted, and appealed to the superior court, where he was again convicted and fined. He now appeals to this court.

The prosecution was based on § 5200, Rem. & Bal. Code. The complaint charged that:

"He, said Harry P. Botchford, in the county of King, state of Washington, on the 6th day of July, 1911, did wilfully and unlawfully permit sawdust, planer shavings and other lumber waste to be cast into Raging river, a river within said county of King, and state of Washington, where fish resort to spawn; contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

The evidence shows that appellant was foreman of the Northwest Lumber Company, a corporation, having charge of its mill located on Raging river, in King county; that he had the direction and superintendence of the men employed in the mill; that he gave orders on his own responsibility; that a large quantity of sawdust from the mill was permitted to accumulate upon the bank of the stream at the water's edge; that sawdust came from one of the saws, and with the aid of a small stream of water, was conveyed through a flume to this embankment; that it escaped into Raging river, a stream where fish resorted to spawn; that the mill was the only mill on or near the stream; that on or about July 6, 1911, lumber waste and sawdust were thus cast into the stream in sufficient quantities to endanger the spawn and fish in that stream, and also spawn and fish in the Snoqualmie river, to which the Raging river is tributary.

Appellant contends that the trial court erred in the admission and rejection of evidence, in giving instructions, in refusing requested instructions, and in denying his motions in arrest of judgment, and for a new trial. We have read the record with great care, and conclude the evidence so

clearly shows that the sawdust cast into the river came from the mill of which appellant was foreman, that we fail to understand how the jury could have returned any verdict other than the one they did return. Each and every objection which appellant has raised strikes us as technical and without merit. The case was fairly tried; no prejudicial error was committed in ruling upon the admissibility of evidence; the law of the case was clearly, concisely and properly stated to the jury; and the record shows that the appellant without question was guilty of a violation of the statute and was properly convicted. The judgment is affirmed.