[No. 10396.    Department One.    December 6, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. J. C. BURNAM, *Appellant.*[1]

FOOD——ADULTERATION——CRIMINAL PROSECUTION — LIABILITY OF AGENT OR MANAGER—INTENT—KNOWLEDGE. Under Rem. & Bal. Code, § 2513, providing a penalty for selling, or having in possession with intent to sell, milk below the standard fixed by law, regardless of guilty knowledge or criminal intent, the manager of a dairy corporation having general supervision of the mixing of the milk may be guilty of violation of the statute although he was not present when the milk left the dairy and had given instructions to keep it up to standard.

SAME—CRIMINAL PROSECUTION—CONDITIONS PRECEDENT—SAMPLES —ANALYSIS—STATUTES—CONSTRUCTION. A compliance with Rem. & Bal. Code, § 5478, which makes it the duty of the person collecting samples of milk for analysis to send the result of the analysis within ten days to the person from whom the sample was taken or to the person responsible for the condition of the milk, is not a condition precedent to the prosecution of a person for violating the pure milk law, in view of other provisions of the law, Id., § 5468, providing for the delivery of samples of the milk taken and that no evidence of the analysis shall be given if such samples are not delivered on request, and § 5477, providing that a producer of milk is not liable unless the milk is taken upon his premises or while in his possession and a sealed sample thereof given to him.

TRIAL—INSTRUCTIONS—ORAL INSTRUCTIONS. Under Rem. & Bal. Code, § 339, requiring that instructions to the jury be given in writing, it is reversible error to give oral instructions over the objection of the appellant.

Appeal from a judgment of the superior court for King county, Gay, J., entered September 16, 1911, upon a trial and conviction of a violation of the pure milk law. Reversed.

*Walter S. Fulton* and *Brightman & Tennant*, for appellant.

*John F. Murphy, Crawford E. White*, and *Reah M. Whitehead*, for respondent.

GOSE, J.—The defendant was convicted of the offense of having in his possession, with intent to sell and deliver, milk

[1]Reported in 128 Pac. 218.

of a grade below the standard fixed by law (Rem. & Bal. Code, § 2513), and has appealed.

The facts are that the appellant, at the time of the commission of the offense, was the secretary-treasurer and manager of Northwestern Dairy Company, a corporation, organized under the laws of the state of Oregon, and doing business in this state; that he was the manager of the active business of the corporation, employed and discharged the men, and bought and had general supervision of the mixing of the milk; that two bottles of milk were taken from a wagon belonging to the corporation, and sealed, and one bottle was given to the driver of the wagon, and the other was retained by the officer, and that a chemical analysis showed that the milk had been watered and was below standard. The appellant testified that he was not present when the wagon left the dairy, and that his instructions were to keep the milk up to the standard fixed by law.

The appellant first contends that the offense was that of the corporation and that, under the facts, he is immune from punishment. We cannot assent to this view of the law. The statute provides that every person who shall sell or deliver, or offer for sale, or have in his possession with intent to sell or deliver, milk below the standard fixed by law, shall be guilty of a misdemeanor. This is a police regulation enacted for the protection of the public health, and the penalty is imposed without regard to any wrongful intention, in order to insure such diligence as will render a violation of the law practically impossible. *State v. Constatine*, 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043; *Spokane v. Patterson*, 46 Wash. 93, 89 Pac. 402, 123 Am. St. 921, 8 L. R. A. (N. S.) 1104; *State v. Nicolls*, 61 Wash. 142, 112 Pac. 269, Ann. Cas. 1912 B. 1088; *Overland Cotton Mill Co. v. People*, 32 Colo. 263, 75 Pac. 924, 105 Am. St. 74; *People v. Detroit White Lead Works*, 82 Mich. 471, 46 N. W. 735, 9 L. R. A. 722; *Rex v. Medley*, 6 Car. & P. 292, 403; 1 McClain, Criminal Law, § 190.

In *State v. Constatine,* the owner of a saloon was convicted of the crime of knowingly selling intoxicating liquors to a minor, where the sale was made by his bartender when the owner was absent and had no notice or knowledge thereof. Upon appeal, the judgment was affirmed. In *Spokane v. Patterson,* a conviction was sustained where a blast, not covered as required by ordinance, was discharged by an employee. It was held that, although the defendant had given proper instructions to his servants and had no knowledge of the violation of the ordinance, he was responsible for their act. In *State v. Nicolls,* it was held that the lack of intent does not excuse an infraction of a police regulation. In *Overland Cotton Mill Co. v. People,* a conviction was sustained against an officer of the corporation for violating a statute making it a misdemeanor for any person to employ a child under fourteen years of age in any mill or factory. There, as here, it was contended that the evidence was not sufficient to justify the conviction. In meeting this contention, the court said:

"An agent of a corporation is presumed to have that knowledge of its affairs particularly under his control and management which, by the exercise of due diligence, he would have ascertained."

In *People v. Detroit White Lead Works, supra,* in affirming a conviction against the officers of the defendant corporation for maintaining a nuisance, the court said:

"All the defendants were properly convicted. The officers of the company are jointly responsible for the business. It is not necessary to conviction that they should have been actually engaged in work upon the premises. The work is carried on by employees. The directors and officers are the persons primarily responsible, and therefore the proper ones to be prosecuted. A fine can be collected against the defendant company, and therefore it is subject to prosecution."

The same principle was announced in *Rex v. Medley, supra.* McClain makes the following succinct statement of the law:

"Where the manner of conducting a business is the offense, and the agent or servant controls or aids and assists in the regulation of the business, he may be liable as well as the principal." 1 McClain, Criminal Law, § 190.

We think the rule applied to the principal in the cases cited from this court should be extended to a managing agent when the offense consists in the violation of a police regulation where neither a guilty knowledge nor a criminal intent is made an element of the offense. *State v. Botchford*, *ante* p. 114, 127 Pac. 837. The appellant relies upon the following cases: *People v. Clark*, 14 N. Y. Supp. 642; *State v. Parsons*, 12 Mo. App. 205; *Rex v. Hays*, 14 Ontario Law Rep. 201.

In the *Clark* case, the court said:

"It having been established that a corporation may be indicted for a misdemeanor, the next question presented is, can any person or persons be guilty of a criminal violation of a statute directed against such corporation? I think that any person or persons participating in the violation of the statute by the corporation may, under our statutes, be indicted as principals, either because they have directly committed the act, or have aided and abetted in such commission."

In the *Parsons* case, a guilty knowledge was made an element of the offense, and it was held that the president of a corporation could not be convicted in the absence of evidence that he had knowledge of the commission of the unlawful act. *Rex v. Hays*, seemingly supports the appellant's view. In the case at bar, the business was a lawful one, but the offense consists in the manner of conducting it. The appellant had the practical control of the business, and it was his duty to see that the requirements of the law were observed.

The code, Rem. & Bal., § 5478, makes it the duty of the person who collects samples of milk for analysis to send the result of the analysis to the person from whom the sample was taken, or to the person responsible for the condition of the milk, within ten days after obtaining the result of the analysis. The record does not show that this was done; and

it is argued that a compliance with the statute is a prerequisite to the right of the state to prosecute. The statute does not so provide. It does provide, however (Rem. & Bal. Code, § 5468), that the party collecting the samples shall, upon request made at the time the sample is taken, seal and deliver to the owner or person from whose possession the milk is taken a portion of each sample; that the inspector shall cause the sample to be analyzed as to its quality or purity; and that "no evidence of the result of such analysis or test shall be received, if the inspector or collector upon request refuses or neglects to seal and deliver a portion of the sample taken, as aforesaid, to the owner or person from whose possession it is taken." Section 5477 provides that a producer of milk shall not be liable to prosecution for the reason that the milk produced by him is nonstandard, unless the milk was taken upon his premises or while in his possession or under his control, by an inspector or by a collector of samples or by an agent, "and a sealed sample thereof given to him." It seems obvious, therefore, that a noncompliance with the provisions of § 5478 will not preclude the state from enforcing the other provisions of the law.

The contention that the state did not prove that the milk from which the sample was taken was not in the possession of the appellant for the purpose of being disposed of as skimmed milk need not be considered, for the judgment will have to be reversed on account of error in giving oral instructions. The court, over the objections of appellant, gave certain oral instructions to the jury, both before and after the argument. This was reversible error. Laws 1909, p. 184, § 1; Rem. & Bal. Code, § 339; *Raynor v. Tacoma R. & P. Co.*, 70 Wash. 133, 126 Pac. 91.

Reversed, with directions to grant a new trial.

MOUNT, C. J., CHADWICK, PARKER, and CROW, JJ., concur.