EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WEST INDIA OIL CO., corporación representada en Puerto Rico por Enrique Hernández, A., San Juan, P. R., acusada y apelante.

No. 5161.—*Sometido:* Diciembre 21, 1933. *Resuelto:* Enero 31, 1934.

*J. Carbia Miranda;* abogado de la apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

West India Oil Company, una corporación organizada de acuerdo con las leyes de Nueva Jersey y autorizada para hacer negocios en Puerto Rico, fué acusada por el Fiscal del Distrito de Ponce de haber infringido la sección 14 de la Ley No. 135, de Pesas y Medidas, aprobada en 1913 y enmendada por la Ley No. 30 de 1921. Se alega, entre otras cosas, que la acusada, allá por el día 11 de mayo de 1932, siendo dueña de un establecimiento comercial en Ponce dedicado a la venta de gasolina, tenía un aparato para medir líquidos, que usaba para medir la gasolina que vendía, cuyo aparato registraba, demostraba e indicaba medidas falsas, según la comprobación llevada a cabo en dicho aparato por el inspector de pesas y medidas Sr. Juan E. Seijo con las medidas modelos suministradas por el Jefe del Negociado de Pesas y Medidas para hacer comprobaciones.

La acusada fué declarada culpable por la corte inferior y condenada a pagar veinticinco dólares de multa.

El primer error atribuído a la corte inferior se

basa en que la acusada fué declarada convicta en virtud de un procedimiento directo contra ella, cuando debió establecerse éste contra su patrono, oficial o director, y asimismo dictarse sentencia, en caso de que procediera, contra dicho patrono, oficial o director, y no contra la corporación como entidad jurídica. Se arguye que en la acusación se imputa directamente un delito a la corporación apelante, cuando la sección 20 de la Ley de Pesas y Medidas se refiere primeramente a personas naturales que infrinjan dicha ley, y en segundo término a las personas jurídicas, las cuales, según se desprende de dicha sección, deberán ser castigadas en la persona del patrono, oficial, director, accionista o agente, interpretación que resulta confirmada más tarde al expresar dicha sección que la persona así convicta será castigada con multa o prisión. Entiende la apelante que si el propósito hubiera sido enjuiciar a las personas jurídicas como tales entidades, se hubiera omitido en la ley la penalidad de la prisión, ya que es común y corriente que a ninguna persona jurídica se le puede imponer como castigo por un delito cárcel o prisión.

Copiamos a continuación la sección 14 de la Ley de Pesas y Medidas enmendada en 1921 (Leyes de 1921, pág. 179), que según la acusación, fué infringida por la apelante:

"Sec. 14.—Ninguna persona usará, ordenará, ni permitirá que se use, ninguna pesa o medida, báscula, balanza, romana u otro instrumento, aparato o utensilio, en la computación de peso o medida en cualquiera transacción industrial o comercial que no se ajuste a las pesas y medidas modelos que en esta ley se prescriben, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal pesa o medida, báscula, balanza, romana, instrumento, aparato o utensilio; y ninguna persona usará, ordenará ni permitirá que se use en cualquiera transacción industrial o comercial ninguna báscula, balanza, romana u otro instrumento, aparato o utensilio para la computación de peso o medida que registre, demuestre o indique un peso o medida falso, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal báscula, balanza, romana, instrumento, aparato o utensilio."

La sección 20, que según la apelante excluye a las corporaciones, dice:

"Toda persona que infrinja cualquiera de las precedentes disposiciones de esta ley o de las reglas y reglamentos prescritos en cumplimiento de la misma, y toda persona que, como patrono, o como oficial, director, accionista, o agente de cualquier corporación, o como miembro de una razón social o compañía, o de otro modo, disponga, ordene, permita o consienta cualquiera infracción de las precedentes disposiciones de esta Ley o de dichas reglas o reglamentos, será considerada culpable de un delito menos grave (*misdemeanor*), y convicta que fuere en una corte de jurisdicción competente, será castigada por la primera falta con una multa máxima de cincuenta dólares o con prisión que no exceda de cincuenta días, y por la segunda falta, con una multa no menor de cincuenta dólares, ni mayor de doscientos cincuenta dólares, o con prisión por un término no mayor de noventa días, y por las subsiguientes faltas, con una multa que no sea menor de doscientos dólares ni mayor de quinientos dólares, y con prisión por un término que no sea mayor de un año."

Es regla general establecida por la jurisprudencia moderna que la palabra "persona" incluye, para los efectos de la comisión de delitos, tanto la persona natural como la jurídica. Según el artículo 559 del Código Penal, la palabra "persona" incluye a una corporación así como a una persona natural.

En *State* v. *Mc Cool*, 111 Pac. 477, se dijo:

"En varios de los Estados referidos hay una disposición estatutaria en el sentido de que la palabra 'persona', cuando se usa en un estatuto de carácter penal, incluye a las corporaciones. No hay semejante disposición en este estado, ni hallamos decisión alguna en él, que así lo resuelva, aunque en el caso de State v. Williams, 74 Kan. 180, 85 Pac. 938, se decide que la palabra 'persona' usada en el artículo 314, relativo a delitos y castigos (Estatutos Generales de 1909, Sección 2814) con referencia a la persona contra quien se ha cometido un libelo, incluye a una corporación. Cabe muy bien preguntar: Si la palabra 'persona' usada para designar a aquélla contra quien se ha cometido un libelo, incluye a una corporación, ¿por qué no debe incluir también a una corporación si esa palabra se usara para designar a la persona culpable, o supuestamente culpable, del libelo? El estatuto de que se trata, al usar las palabras

'toda persona que, por sí, o por su sirviente o empleado, o como el sirviente o empleado de otro, use' etc., parece casi sugerir que con la palabra 'persona' se tuvo la intención de incluir a una corporación. La ley fué promulgada a fin de impedir un abuso determinado, y es materia de conocimiento ordinario en el estado que tanto grandes corporaciones como individuos estaban cometiendo el abuso de vender mantequilla en paquetes contentivos de un peso menor al exigido por la ley, y, puede decirse, de un peso menor al que el público atribuía a tales paquetes. Que un individuo que después de la aprobación de la ley ofreciera en venta o vendiera un paquete conteniendo un peso menor al prescrito, fuese culpable de un delito, y que una corporación pudiera continuar esa práctica con impunidad, parece repugnante a toda idea de justicia, y resolvemos, de acuerdo con la tendencia general y desarrollo de la ley, que la palabra 'persona', siendo como es la segunda palabra en la sección 15, tal como allí se usa, incluye a una corporación.''

En el caso *United States Tire Co.* v. *Keystone Tires Sales Co.*, 66 A.L.R. 1264, la corte dijo:

"Es verdad que la palabra 'corporación' no está usada expresamente en el capítulo, pero es claro para nosotros que ha sido incluída en la palabra 'parte'. No hay ciertamente nada en la ley que demuestre la intención en la legislatura de excluir a las corporaciones. Es una regla general de derecho que cuando la palabra 'persona' o 'parte' se usa en un estatuto, es bastante amplia para incluir corporaciones, personas artificiales, a menos que la intención de excluir tales personas artificiales sea completamente obvia.''

La primera parte de la sección 20 de la ley de pesas y medidas anteriormente copiada impone una penalidad a toda persona que infrinja la sección 14 de dicha ley y además a toda persona que incurra en la misma infracción como patrono, oficial, director, accionista o agente de una corporación. No hay duda alguna de que la primera parte de dicha sección se extiende a todas las personas, naturales y jurídicas, si se interpreta aisladamente, descartando la parte en que expresamente se mencionan las personas que además incurran en responsabilidad penal. La palabra "toda" que antecede a la palabra "persona" tiene una significación amplia y general. En nuestro sentir el hecho de que se men-

cionen expresamente determinados empleados, agentes u oficiales de la corporación, no limita el alcance y extensión de la palabra "persona" en la primera parte de dicha sección. La ley ha querido ser completamente clara quizás con el propósito de evitar que oficiales o agentes de una corporación, evadan su responsabilidad en un caso determinado, alegando que la corporación es la única responsable, cuando en realidad de verdad la responsabilidad debe recaer sobre todas las personas naturales o jurídicas que han tomado parte en la infracción de la ley. Que esta alegación puede presentarse lo demuestra el caso de *State* v. *Burnam,* 128 Pac. 219, donde el secretario tesorero y administrador de la corporación, pretendió escudarse con la alegación de que, de acuerdo con la prueba, estaba exento de pena, ya que el delito era uno cometido por la corporación. De la opinión emitida en este caso copiamos el siguiente párrafo:

"Alega el apelante que el delito fué cometido por la corporación y que, bajo los hechos, él está inmune de castigo. No podemos estar conformes con esta interpretación de la ley. El estatuto dispone que toda persona que venda, entregue u ofrezca a la venta o tenga en su posesión, con el propósito de vender o entregar leche con un grado menor al fijado por la ley, será culpable de un *misdemeanor*. Éste es un reglamento aprobado para la protección de la salud pública, y la penalidad se impone sin tener en cuenta ninguna intención criminal con el fin de asegurar tal diligencia y hacer prácticamente imposible la violación de la ley."

La ley no es inaplicable a las corporaciones por el hecho de que las infracciones a la misma se castiguen con multa o prisión. No estamos de acuerdo con la acusada, cuando dice que si el propósito de la ley hubiese sido incluir a las corporaciones como tales entidades, se habría omitido la prisión como penalidad. La corte puede imponer multa o prisión cuando se trate de una persona natural, y limitarse a imponer una multa cuando se trate de una persona jurídica. En el caso de *State* v. *Ice & Fuel Co.,* 166 N. C. 366, 52 L.R.A. (N. S.) 216, 81 S. E. 737, se dijo:

"En verdad, las corporaciones explotan en la actualidad tantos

negocios de todas clases, que se harían ineficaces muchos estatutos penales para la protección del público, si no fueran aplicables a la mala conducta de las corporaciones, cuando el. estatuto se aplicaría a la misma conducta de un individuo. En el caso presente la corporación tiene el negocio de la venta de carbón y hielo, y violó el estatuto mediante la falsa simulación de vender una tonelada de carbón, cuando lo cierto es que sólo entregó 1750 libras, con la intención de engañar, tan plenamente como pudiera haberlo hecho un individuo. Es cierto que cuando el estatuto fija una pena de multa o prisión, sólo la multa puede imponérsele a la corporación. Pero eso no constituye motivo para que no se le imponga la multa. La corporación no debe quedar totalmente libre de castigo por el hecho de que no se le pueda encarcelar.'' State v. Belle Springs Creamery Co., 83 Kan. 389, L.R.A. 1915D 515, 111 Pac. 474; Southern R. Co. v. State, 125 Ga. 287, 114 Am. St. Rep. 203, 54 S. E. 160, 5 Ann. Cas. 411; United States v. Union Supply Co., 215 U. S. 50, 54 L. ed. 87, 30 Sup. Ct. Rep. 15; United States v. John Kelso Co., 86 Fed. 304; State v. Seattle Nat. Bank, 33 A.L.R. 1206.

■ El segundo error atribuído a la corte inferior consiste en haberse declarado sin lugar la moción de *nonsuit* cuando no se presentó como prueba el instrumento o aparato que se alegaba registraba medidas falsas.

En apoyo de este alegado error cita la corporación apelante la sección 10 de la Ley de Pesas y Medidas que en síntesis expresa que desde el primero de febrero de 1914 todo aparato, báscula, utensilio, etc., usado para medir o pesar, deberá estar sellado, marcado y comprobado de acuerdo con la ley y que cuando no se cumpla con estos requisitos dicho aparato o artículo será decomisado y denunciado su dueño o la persona que lo usa, y el artículo así decomisado se retendrá como prueba y que cualquier pesa, medida, báscula, etc., que resulte falsa, será decomisada.

La parte apelante arguye que la ley dispone que todo aparato o instrumento que se use en violación de dicha ley será decomisado y se retendrá como prueba, que en este caso debió haberse presentado en evidencia por el Pueblo de Puerto Rico la bomba con la cual se alegó que la corporación acusada violó la Ley de Pesas y Medidas y que al incurrirse en esta

omisión dejó de probarse la acusación establecida contra la corporación apelante.

El hecho de que la ley disponga que el artículo decomisado se retendrá como prueba, no quiere decir que el caso no pueda ser satisfactoriamente probado sin la presentación material de dicho aparato en evidencia. La ley castiga el uso o la tenencia en un establecimiento comercial de una pesa o medida falsa y eso nada tiene que ver con la ocupación del aparato. Este aparato podrá ser, como cuestión de hecho, decomisado y ocupado o no; pero la omisión de este deber no puede eximir de responsabilidad al acusado, si se prueba que lo ha tenido y usado en su establecimiento. Es un caso igual al de la portación de un arma prohibida. El que la lleva es responsable por la portación del arma, independientemente de que le haya sido ocupada, y no es necesaria la presentación de la evidencia material si hay medios de probar y se prueba que el acusado portaba dicha arma.

██ El tercer error atribuído a la corte inferior consiste en haberse declarado convicta a la corporación apelante sin que se presentara prueba de la vista preliminar a que se refieren las disposiciones del Código de Enjuiciamiento Criminal que comienzan en el artículo 453 y terminan en el 460, ambos inclusive. Substancialmente son éstas las mismas disposiciones que comienzan en el artículo 1390 del Código Penal de California y terminan en el 1397, ambos inclusive.

Es de notarse que la acusada no planteó oportunamente esta cuestión en la corte inferior, ante la cual compareció presentando una excepción perentoria a la acusación, por medio de su abogado quien la representó también en el acto de la vista de la causa.

Las disposiciones contenidas en los artículos del Código de Enjuiciamiento Criminal invocados por la apelante, tienen el propósito de facilitar los medios de que una corporación, que infrinja un estatuto penal, pueda ser colocada bajo la jurisdicción del tribunal correspondiente. La corporación es un ser artificial que no puede ser arrestado y por eso se libra

contra ella una cédula de citación en vez de un mandamiento de arresto, practicándose la diligencia en el presidente u otro administrador, secretario, cajero o director de dicha corporación.

En el caso de *State* v. *Security Bank,* 51 N. W. 337, la Corte Suprema de South Dakota dice que éste es todo el propósito y objeto de estas disposiciones, probablemente tomadas del Código de California, y añade: "Estos procedimientos solamente se intentan como un medio de traer a la corporación acusada ante el magistrado después que un gran jurado ha autorizado una presentación (*presentment*) y esto es necesario únicamente porque la corporación no puede ser traída ante dicho magistrado en virtud de un mandamiento de la corte (*bench warrant*), como ocurre con las personas naturales."

En el caso de *Progress Club* v. *State,* 76 S. E. 1031, se cita como autoridad el caso *Southern Ry. Co.* v. *State,* 325 Ga. 290, 54 S. E. 162, 114 Am. St. Rep. 203, y se dice:

"Puesto que en este caso la citación no fué hecha en la forma prescrita por la ley, y no ha sido renunciada (*waived*) de acuerdo con la doctrina de esta Corte Suprema, la corte sentenciadora no pudo legalmente proseguir y la sentencia dictada es necesariamente una nulidad."

En el caso de *Southern Ry. Co.* v. *State,* supra, a que se hace referencia en la anterior decisión, la corte dijo:

"El Código Penal, en su sección 938, prescribe los procedimientos contra una corporación que ha sido acusada (indicted). Puesto que esta persona intangible no tiene existencia física y no puede ser detenida mediante arresto, la legislatura ha dispuesto un medio determinado de citación, en virtud del cual la corte adquiere el poder de oír y determinar el cargo contra la corporación acusada. El único propósito de la citación y notificación, prescritas en dicha sección, es traer a la persona artificial ante la jurisdicción de la corte para que sea juzgada. Mientras la citación no se haya practicado en la forma prescrita o haya sido renunciada (*waived*) por la corporación, el juicio no puede legalmente proseguir. Si la corporación voluntariamente comparece en corte por medio de abogado y excep-

ciona la acusación (indictment) la corporación está ante la corte y los procedimientos pueden continuar sin hacer referencia a la regularidad de la citación. La comparecencia y alegación mediante excepción pueden considerarse análogas a la acción voluntaria de una persona natural, que tiene conocimiento de una acción contra ella, comparece ante la corte sin esperar a que se libre mandamiento de arresto y excepciona o interpone cualquier otra objeción a la acusación. Después de excepcionar o contestar la acusación no tiene importancia alguna que se haya librado o no un mandamiento de arresto; en virtud de su comparecencia voluntaria la corte adquiere jurisdicción sobre la persona para todos los propósitos del juicio en particular. Igualmente, cuando la corporación excepciona la suficiencia de la acusación, se somete a la jurisdicción de la corte y entonces no tiene importancia si la citación fué regular o irregular. No hubo error en denegar la anulación de la acusación debido a irregularidad o insuficiencia de la citación.''

La doctrina sentada por la Corte Suprema de Georgia es aplicable al presente caso en que la corporación acusada presentó una excepción perentoria a la acusación y compareció por medio de abogado a la vista de la causa. El propósito de la ley ha quedado cumplido con la comparecencia voluntaria de la apelante ante la corte sentenciadora y es tarde ahora para promover por primera vez una cuestión de esta naturaleza, especialmente cuando no hay prueba alguna en los autos de que no se haya cumplido con las disposiciones del Código de Enjuiciamiento Criminal invocados por la apelante.

█ Se alega por último que la corte inferior cometió error al declarar convicta a la acusada apelante mediante prueba que no sostiene los hechos alegados en la acusación.

Arguye la acusada que la prueba ofrecida en este caso ''fué única y exclusivamente tendente a demostrar la posesión del aparato por parte de la acusada apelante, sin demostrar siquiera la realización de una venta aislada con el mismo, pudiendo inferirse de esta circunstancia y de la prueba aducida que el mismo estaba sin ser utilizado para el negocio y en espera de ser inspeccionado por el investigador de pesas y medidas, tal y como lo revela la misma prueba.''

De acuerdo con la sección 14 de la ley citada, ninguna per-

sona usará, ordenará ni permitirá que se use ninguna pesa o medida falsa, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal pesa o medida.

En la acusación se alega que West India Oil Company es dueña de un establecimiento comercial dedicado a la venta de gasolina, en la calle Simón Bolívar, esquina a las calles 25 de Enero y Fe, de Ponce, y que la referida corporación voluntaria e ilegalmente tenía, adaptado para el uso, un aparato para medir líquidos que usaba allí para medir la gasolina que vendía.

De modo que se imputó a la corporación apelante la tenencia del referido aparato en su establecimiento comercial y se dice además que usaba este aparato para vender gasolina. Ambas cosas están prohibidas por la ley: la tenencia y además el uso de la pesa o medida falsa. Cualquiera de las dos modalidades que resulte probada es bastante para que pueda recaer una declaración de culpabilidad. La prueba demuestra que la acusada tenía en su establecimiento comercial el aparato que se describe en la acusación. El Inspector de Pesas y Medidas, Juan Seijo, declaró exactamente lo mismo que se dice en la acusación: que la West India Oil Company posee y explota un establecimiento comercial para la venta al detalle de gasolina en la Avenida Simón Bolívar; que tiene allí instalado un aparato para medir líquidos o para medir la gasolina que vende; que ese aparato se denomina contador para medir gasolina; que fué comprobado por el testigo y que es el mismo que se describe en la acusación.

*Debe desestimarse este alegado error y confirmarse la sentencia apelada.*