THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO ROJO, JR., ET AL., Defendants and Appellants.

No. 11,598. Argued December 13, 1946.—Decided February 7, 1947.

*Guillermo Silva* for appellants. *Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro,* former *Attorney General,* on the brief), and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Julio Rojo, Jr., and Cirilo Cruz were accused and convicted of keeping and offering for sale, for human consumption, cow's milk adulterated artificially with water. In this appeal they allege that the lower court erred ''in overruling a motion for the dismissal of the complaint on the ground that the complaint had not been filed and prosecuted against the corporation La Mallorquina, Inc., or its officers, as. rep-

resentatives thereof, pursuant to Act No. 50 of May 7, 1937.''

Defendant filed the aforesaid motion after the evidence for the prosecution had been introduced which consisted of the testimony of a health inspector to the effect that on June 12, 1945, he took a sample of milk in the restaurant La Mallorquina, of Julio Rojo, situated in 23 San Justo Street at San Juan, and that it showed that the milk was adulterated;[1] that Mr. Rojo was there and he gave him a sample; that he believes that Mr. Rojo is the manager of the restaurant; that the other defendant was a waiter or the man in charge of the kitchen; that coffee, milk, and food are served there, but at that time no sale was effected.

The only evidence for the defendants consisted in a certificate issued by the Office of the Executive Secretary of Puerto Rico to the effect that La Mallorquina, Inc., is a corporation organized under the laws of Puerto Rico and that the address of its main office is 23 San Justo Street, San Juan.

■ Section 1 of Act No. 50 of May 7, 1937 (Session Laws 1937, p. 165), provides:

''Section 1.—When a corporation commits a misdemeanor, a complaint may be filed against said corporation in the proper court as in the case of a natural person; *Provided*, That the complaint may be filed against the corporation as such or against the administrator, manager, majordomo, superintendent, foreman, or director of the corporation that committed the violation of the law or regulation in question.''

Section 1 of Act No. 77 of August 12, 1925, establishing that the adulteration of milk is punishable, in its pertinent part provides that ''Every person who adulterates or dilutes milk and every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the

---

[1] The defendant admitted that if the chemist who examined the samples were to testify, his testimony would be to this effect.

preparation of food for human consumption, shall be guilty of misdemeanor.''

In *People* v. *West India Oil Co.*, 46 P.R.R. 120, decided before the approval of Act No. 50 of 1937, *supra*, wherein defendant was charged with a violation of the Weights and Measures Act, we decided that the word ''person'' used in the latter statute included a corporation, and that the word ''any'' which precedes the word ''person'' has a broad and general meaning; and we stated at page 124:

''In our opinion, the fact that certain employees, agents, or officers of the corporation are expressly mentioned does not limit the scope and significance of the word ''person'' in the first part of said section. The law has sought to be perfectly clear, perhaps with the intention of preventing an evasion of liability in a particular case on the part of the officers or agents of a corporation by alleging that the corporation is the only party liable, when in reality the liability should fall on all the natural and artificial persons who have participated in the violation of the act. That this allegation can be made is shown by the case of *State* v. *Burnam*, 128 Pac. 218, where the secretary-treasurer and administrator of a corporation attempted to shield himself by alleging that according to the evidence he was exempt from punishment, since the offense was committed by the corporation. From the opinion delivered in that case we copy the following paragraph:

'' 'The appellant first contends that the offense was that of the corporation and that, under the facts, he is immune from punishment. We cannot assent to this view of the law. The statute provides that every person who shall sell or deliver, or offer for sale, or have in his possession with intent to sell or deliver, milk below the standard fixed by law, shall be guilty of a misdemeanor. This is a police regulation enacted for the protection of the public health, and the penalty is imposed without regard to any wrongful intention, in order to insure such diligence as will render a violation of the law practically impossible.' ''

At first sight, the paragraph copied above from *State* v. *Burnam, supra,* seems to decide the question raised by appellants adversely to them. Nevertheless, upon examining the facts such is not the case, inasmuch as it was found therein

that Burnam was "the secretary-treasurer and manager of the Northwestern Dairy Company, a corporation organized under the laws of the state of Oregon and doing business in this state; that he was the manager of the active business of the corporation, employed and discharged the men, and bought and had general supervision of the mixing of the milk; . . .". In other words, the evidence for the prosecution revealed the direct intervention that defendant had in the management of the business and his official position in the corporation and, under these circumstances, it was decided that he could not avoid his own responsibility by asserting that of the corporation. The cases cited by the appellee in his brief are to that same effect. For example, in *State v. McBride*, 9 N. W. (2d) 416, the general rule is set forth as follows:

"It is the universal rule that an officer or agent of a corporation cannot avoid responsibility for his act on the ground that it was done in his official capacity, nor can he assert that acts in corporate form are not his acts merely because they are carried on by him through the instrumentality of the corporation which he controls and dominates and which he has employed for that purpose."

In the case at bar Rojo was not accused as an officer or an agent of the corporation La Mallorquina, Inc., nor does he try to avoid his responsbility on the ground that it was done in his official capacity by attempting to use the corporation as a shield of protection alleging that the latter committed the offense. He merely raises the question that the complaint should have been filed against the corporation or against him as an officer, manager, or agent thereof.

Appellee contends that the evidence showed that La Mallorquina is a public establishment, a restaurant, and that it belongs to Julio Rojo, Jr., one of the defendants. It is true that the witness for the prosecution upon referring to La Mallorquina stated that "it was of Julio Rojo, Jr." and later that "he believed" that Rojo was the manager. He admitted that Rojo had made no comment at that time. But

the certificate of the Office of the Executive Secretary of Puerto Rico overcame such conclusions of the witness upon revealing that the establishment is a corporation. There was no evidence tending to show the relation or connection between Julio Rojo, Jr., and said corporation, or, if any such connection existed, what was his position or his partici-. pation in the business. This evidence could have been easily obtained and presented by The People.

■ Like the rule stated above, there is a well-settled doctrine that "a director or officer of a corporation is not liable for an offense committed by the corporation, except where he has in some way participated with the corporation in the illegal act as a principal or as an aider, abettor, or accessory," and further that "an officer of a corporation, no matter how great his responsibility, is not as a general rule criminally liable for the acts of the corporation performed through other officers and agents who are not acting under his direction or with his permission." 13 Am. Jur. 1027–8, Sec. 1100; *State* v. *Ross,* 55 Or. 450, 474; 104 Pac. 596; 106 Pac. 1922; *State* v. *Carmean,* 126 Iowa, 291, 102 N. W. 97.

There is no showing as to the intervention that Julio Rojo, Jr., had in the business of the corporation La Mallorquina or whether he was in charge of the restaurant from which the milk for sale was taken. Even if he were an officer of the corporation, if he had nothing to do directly with the management of the business, the corporation, and not he, was liable for the offense charged. But if on the contrary, he was not an officer but managed the business, then he would be liable, but the complaint should have been filed against him as such manager. In both situations the case falls within the purview of § 1 of the Act of 1937, *supra.*

The *Fiscal* of this court admits that there was no evidence tending to connect Cirilo Cruz, codefendant herein, with the commission of the offense for at that time no sale of milk was carried out, and he consents to the reversal of the judg-

ment as to this defendant. We believe that the evidence tending to connect Rojo was likewise insufficient and, therefore, the judgment must be reversed as to both defendants.

Mr. Justice Snyder did not participate herein.