EL PUEBLO DE PUERTO RICO, demandante apelado, *v.* JULIO ROJO, JR., y CIRILO CRUZ, acusados apelantes.

Núm. 11,598.—*Sometido:* Diciembre 13, 1946. *Resuelto:* Febrero 7, 1947.

*Guillermo Silva,* abogado de los apelantes; *Hon. Procurador General*

*Interino, Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato) y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Julio Rojo, Jr., y Cirilo Cruz fueron acusados y convictos de tener y ofrecer en venta, como pura para el consumo humano, leche de vaca adulterada artificialmente con agua. En este recurso alegan que la corte inferior erró "al declarar sin lugar la moción sobre desestimación de la acusación por no haberse radicado la denuncia y seguido el procedimiento contra la corporación La Mallorquina, Inc. o sus funcionarios en su calidad representativa, de acuerdo con la Ley núm. 50 de mayo 7 de 1937."

La referida moción fué presentada por la defensa después de terminar la prueba de cargo la cual consistió en la declaración de un inspector de sanidad al efecto de que el 12 de junio de 1945 tomó una muestra de leche en el establecimiento La Mallorquina, de Julio Rojo, situado en la calle de San Justo número 23 de San Juan, y que la misma resultó adulterada;[1] que el Sr. Rojo estaba allí y él le dió una muestra; que él cree que el Sr. Rojo es el administrador del restaurant; que el otro acusado era el dependiente o encargado de la cocina; que allí se vende café, leche y comidas, pero en ese momento no se realizó ninguna venta.

La única prueba de los acusados consistió en una certificación expedida por la Secretaría Ejecutiva de Puerto Rico al efecto de que La Mallorquina, Inc. es una corporación organizada de acuerdo con las leyes de Puerto Rico y que la dirección de su oficina principal es la Calle San Justo Núm. 23, en San Juan.

La sección 1 de la Ley núm. 50, aprobada el 7 de mayo de 1937 (Leyes de 1937, pág. 173) dispone:

---

[1] La defensa admitió que de declarar el químico que examinó la muestra así declararía.

"Sección 1.—Cuando una corporación cometiere un delito menos grave (*misdemeanor*) podrá formularse denuncia contra dicha corporación ante la corte correspondiente, como si se tratara de un individuo particular; *Disponiéndose,* que la denuncia podrá presentarse contra la corporación como tal, o contra el administrador, gerente, mayordomo, superintendente, capataz o director de la corporación que hubiere cometido la infracción de la ley o reglamento de que se trate."

La sección primera de la Ley núm. 77 aprobada el 12 de agosto de 1925 proveyendo lo necesario para castigar la adulteración de leche dispone, en lo pertinente, que. "Toda persona que adulterare o diluyere leche y toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano, y toda persona que usare leche adulterada o diluída para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano, será culpable de delito menos grave (*misdemeanor*)."

En el caso de *Pueblo* v. *West India Oil Co.,* 46 D.P.R. 124, resuelto antes de aprobarse la Ley número 50 de 1937, supra, y en el que se imputó a la acusada una violación de la Ley de Pesas y Medidas, resolvimos que la palabra *persona* usada en esta última ley incluía a una corporación y que la palabra "toda" que antecede a la palabra "persona" tiene un significado amplio y general y dijimos, a la pág. 128–9:

"En nuestro sentir el hecho de que se mencionen expresamente determinados empleados, agentes u oficiales de la corporación, no limita el alcance y extensión de la palabra 'persona' en la primera parte de dicha sección. La ley ha querido ser completamente clara quizás con el propósito de evitar que oficiales o agentes de una corporación, evadan su responsabilidad en un caso determinado, alegando que la corporación es la única responsable, cuando en realidad de verdad la responsabilidad debe recaer sobre todas las personas naturales o jurídicas que han tomado parte en la infracción de la ley. Que esta alegación puede presentarse lo demuestra el caso de *State* v. *Burnam,* 128 Pac. 218, donde el secretario tesorero y admi-

nistrador de la corporación, pretendió escudarse con la alegación de que, de acuerdo con la prueba, estaba exento de pena, ya que el delito era uno cometido por la corporación. De la opinión emitida en este caso copiamos el siguiente párrafo:

" 'Alega el apelante que el delito fué cometido por la corporación y que, bajo los hechos, él está inmune de castigo. No podemos estar conformes con esta interpretación de la ley. El estatuto dispone que toda persona que venda, entregue u ofrezca a la venta o tenga en su posesión, con el propósito de vender o entregar leche con un grado menor al fijado por la ley, será culpable de un *misdemeanor*. Este es un reglamento aprobado para la protección de la salud pública, y la penalidad se impone sin tener en cuenta ninguna intención criminal con el fin de asegurar tal diligencia y hacer prácticamente imposible la violación de la ley.' "

A primera vista el párrafo copiado del caso de *State* v. *Burnam,* supra, parecería resolver la cuestión planteada por los apelantes en su contra. Empero, examinado en sus hechos, no es así, ya que en el mismo se probó que Burnam era "el secretario tesorero y administrador de la Northwestern Dairy Company, una corporación; que él era el administrador del negocio activo de la corporación, que contrataba y destituía a los empleados y compraba y tenía la supervisión general de la mezcla de la leche . . . ". En otras palabras, se demostró por la prueba de cargo la intervención directa que el acusado tenía en la administración del negocio y el cargo oficial que ocupaba en la corporación y bajo dichas circunstancias se resolvió que él no podía rehuir su propia responsabilidad alegando la de la corporación. Al mismo efecto son los casos citados por el apelado en su alegato. Por ejemplo, en el de *State* v. *McBride,* 9. N. W.2d 416, se expresa la regla general en esta forma:

"Es la regla universal que un oficial o agente de una corporación no puede evadir responsabilidad por su actuación fundándose en que la ha realizado en su capacidad oficial, ni puede alegar que actuaciones en forma corporativa no son sus actuaciones meramente porque fueron realizadas por él a través de la instrumentalidad de la corporación que él controla y domina y la cual ha utilizado para dicho propósito. (Citas.)"

En el caso de autos Rojo no fué acusado como oficial o agente de la corporación La Mallorquina, Inc. ni trata de evadir responsabilidad fundándose en que realizó algún acto en su capacidad oficial, tratando así de escudarse tras la corporación alegando que ésta fué la que cometió el delito. Se limita a plantear la cuestión de que debió acusarse o bien a la corporación o a él como oficial, administrador o agente de la misma.

Arguye el apelado que la prueba demostró que La Mallorquina es un establecimiento público, restaurant, y que el mismo es de Julio Rojo, Jr., uno de los acusados. Es cierto que el testigo de cargo al referirse a La Mallorquina dijo que era "de Julio Rojo, Jr." y luego que "creía" que Rojo era el administrador. Admitió que Rojo no había dicho nada en aquel momento. Pero la certificación de la Secretaría Ejecutiva de Puerto Rico destruyó esas conclusiones del testigo al demostrar que dicho establecimiento es una corporación. No hubo prueba alguna que demostrara qué relación o conexión tenía Julio Rojo, Jr. con dicha corporación y teniéndola, cuál era su cargo y cuáles sus atribuciones en el negocio. Esta prueba pudo fácilmente ser obtenida y presentada por El Pueblo.

Al igual que la anteriormente citada también está firmemente establecida la regla de que "Un director u oficial de una corporación no es responsable de un delito cometido por la corporación, excepto cuando él ha participado en alguna forma con la corporación en el acto ilegal como principal o como un auxiliar o cómplice" y además que "un oficial de una corporación, no importa cuán grande su responsabilidad, no es, como regla general, responsable criminalmente por las actuaciones de la corporación realizadas a través de otros oficiales y agentes que no están actuando bajo su dirección o con su permiso." 13 Am. Jur. 1027–8, Sec. 1100; *State* v. *Ross*, 55 Or. 450, 474; 104 P. 596; 106 P. 1022; *State* v. *Carmean*, 126 Iowa, 291, 102 N. W. 97.

Nada hay en la prueba que demuestre cuál era la intervención de Julio Rojo, Jr. en los negocios de la corporación La Mallorquina y si estaba a su cargo o no el restaurant donde se tenía para la venta la leche ocupada. Si aún siendo un funcionario de la corporación no tenía nada que ver directamente con el funcionamiento del negocio no podía hacérsele responsable del delito imputado y sí a la corporación. Si por el contrario no era tal funcionario pero sí administraba el negocio, en ese caso sería responsable, pero debió habérsele denunciado como tal administrador. En ambas circunstancias el caso cae bajo la sección 1 de la ley de 1937, supra.

El Fiscal de esta Corte admite que no hubo prueba alguna que conectara al coacusado Cirilo Cruz con la comisión del delito pues en aquel momento no se realizó ninguna venta de leche y se allana a la revocación de la sentencia en cuanto a dicho acusado. Creemos que tampoco hubo prueba suficiente para conectar a Rojo y que *procede la revocación de la sentencia en cuanto a ambos acusados.*

El Juez Asociado Sr. Snyder no intervino.