ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>TAMARA BERRIOS HERNÁNDEZ<br><br>Recurrida | TA2025CE00545 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: JKVA20250102 al 0103<br><br>Sobre: Art. 182 C.P.; Art. 204 C.P. |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece ante nos el Gobierno de Puerto Rico (en adelante, "Ministerio Público" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos el dictamen emitido el 2 de septiembre de 2025, notificado el 9 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante el referido dictamen, el TPI determinó *No Causa* en la vista preliminar en alzada en contra de la Sra. Tamara Berríos Hernández (en adelante, "señora Berríos Hernández" o "la Recurrida"), por los delitos de apropiación ilegal agravada, tipificado en el Art. 182 del Código Penal, 33 LPRA sec. 5252; y fraude, tipificado en el Art. 204 del Código Penal, 33 LPRA sec. 5274.

Por los fundamentos que expondremos a continuación, *expedimos* el recurso de *Certiorari* y *revocamos* la determinación recurrida.

**I.**

El 19 de febrero de 2025, se presentaron dos (2) denuncias en contra de la señora Berríos Hernández por infringir los Artículos 182 y 204 del Código Penal. En específico, se le imputó que en o para el 2 de marzo de 2020, la Recurrida en representación de T.M.T.M House Container, Inc. (en adelante,

"TMTM" o "la Corporación"), en común acuerdo con el Sr. Rafael Ángel Murillo Vélez (en adelante, "señor Murillo Vélez"), a sabiendas, a propósito, con conocimiento y con intención criminal, se apropió de la cantidad de cuarenta y siete mil dólares ($47,000.00) que le fueron entregados como pronto para la construcción de la residencia del Sr. Argelis Benítez Crespo (en adelante, "señor Benítez Crespo"). Igualmente, se señaló que la señora Berríos Hernández, mediante contrato, se comprometió a construir una casa en vagones en el municipio de Aguadilla. A pesar de haber recibido el dinero para realizar la construcción, a la fecha de la denuncia, la Recurrida no realizó la obligación pactada.

Así pues, el TPI encontró causa probable para su arresto por los delitos imputados. Consecuentemente, se celebró la vista preliminar, en la cual no se encontró causa probable para acusar por los delitos antes descritos. Inconforme, el Ministerio Público solicitó la celebración de una vista preliminar en alzada.

Conforme a lo antes mencionado, la vista preliminar en alzada se celebró en las siguientes fechas: 28 de mayo de 2025, 20 de junio de 2025, 12 de agosto de 2025 y 2 de septiembre de 2025. Durante la misma, se presentó el testimonio del señor Benítez Crespo. Además, se admitió la siguiente prueba documental: el Certificado de incorporación, Enmienda y Registro de la Compañía TMTM, Certificación de la Oficina de Gerencia de Permisos, Contrato, Recibo original del cheque emitido por la cantidad de cuarenta y siete mil dólares ($47,000.00), el recibo original del pago de ochenta dólares ($80.00) por concepto de orientación inicial y documentos de la cuenta bancaria de TMTM.

Del mismo modo, el 5 de septiembre de 2025, el foro de instancia determinó *No Causa* para acusar.

En desacuerdo, 2 de octubre de 2025, el Ministerio Público acudió ante esta Curia y señaló la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al determinar que no existía causa probable para acusar a la señora Berríos Hernández por sus actuaciones delictivas como representante de la compañía T.M.T.M. House Container Inc., basándose en que, según su interpretación,

la persona jurídica era quien único podía responder penalmente por los delitos cometidos.

Así pues, el 3 de octubre de 2025, este Tribunal emitió una *Resolución* mediante la cual otorgó un término de diez (10) días a la señora Berríos Hernández para expresarse en torno al recurso presentado. De lo contrario, se procedería sin el beneficio de su comparecencia. Transcurrido el término sin la comparecencia de la Recurrida, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados*, 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

Generalmente, se ha establecido como norma y factor determinante el fijar responsabilidad criminal a un funcionario de una corporación cuando existe una conexión de éste con la comisión del delito y éstos envuelven intención criminal.

Nuestra Alta Curia desde *Pueblo v. Rojo,* 66 DPR 919, 923 (1947) estableció que un director o un oficial de la corporación es responsable del delito cometido por la corporación cuando este ha participado en forma alguna con la corporación. Tampoco puede evadirse de su responsabilidad basado en que realizó los hechos en su capacidad oficial o que fueron realizadas por este a través de la instrumentalidad, la cual controla y domina. *Íd.* pág. 922. Véase, *United States v. Park*, 421 US. 658 (1975).

Siendo así, el Código Penal de Puerto Rico dispone que:

Son penalmente responsables las personas jurídicas organizadas bajo las leyes del Estado Libre Asociado de Puerto Rico o autorizadas para actuar en su jurisdicción y toda sociedad o asociación no incorporada cuando, las personas autorizadas por éstas, sus agentes o representantes cometan hechos delictivos al ejecutar sus acuerdos o al realizar actuaciones que le sean atribuibles.

> La responsabilidad aquí establecida no excluye la responsabilidad individual en que puedan incurrir los miembros, dirigentes, agentes, o representantes de las personas jurídicas o de las sociedades y asociaciones no incorporadas que participen en el hecho delictivo.

33 LPRA sec. 5069.

Conforme a la disposición legal, la responsabilidad de las personas jurídicas radica en: (1) que la persona jurídica cometió el delito a causa de las actuaciones que realizaron los representantes debidamente autorizados en los acuerdos que conllevan los mismos y (2) los actos delictivos son el resultado de las actuaciones atribuibles al mismo. D. Nevares-Muñiz, *Código Penal de Puerto Rico*, 4ta ed. Rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2019, pág. 95. En su primera modalidad, para que el funcionario resulte responsable es necesario establecer la "relación causal inequívoca entre el alegado delito cometido por la entidad corporativa y el funcionario a quien ha de atribuirse el mismo, con las consecuencias resultantes". Luis F. González Correa, *Derecho Mercantil*, 62 R. J. UPR 767, 779 (1993). En la segunda vertiente, cualquier acto equivalente a un delito genera la responsabilidad de la persona jurídica sin importar si estaban autorizados o si actuaron en la ejecución de los acuerdos de la persona jurídica. Nevares-Muñiz, *op. cit.,* págs. 95-96. En este caso, la responsabilidad individual se podrá imputar directamente a la persona que realizó la conducta delictiva, así como "aquellas personas en posiciones administrativas o en relación de supervisión con la persona que directamente realizó el delito". *Íd.* pág. 96. Además, un director u oficial no puede ser relevado de la responsabilidad delictiva de la persona jurídica, si actuó en conjunto con la corporación ya fuere como principal, auxiliar, cómplice o que sean realizados por la corporación, a través de los oficiales o agentes que actúan bajo su permiso. *Pueblo v. Rojo*, supra, pág. 922.

**III.**

En su petitorio el Ministerio Público nos solicita la revocación de la determinación de *No Causa* para acusar por los delitos imputados, toda vez que el foro de instancia concluyó que la Corporación no fue denunciada. El Peticionario argumenta que, aunque las personas jurídicas puedan ser

penalmente responsables por las actuaciones de sus representantes, esto no excluye la responsabilidad individual en la que puede incurrir alguno de sus miembros o representantes, según dispuesto en el Código Penal.

Como adelantamos, los miembros o representantes de una corporación pueden ser responsables por la comisión de actos delictivos al ejecutar los acuerdos realizados por la entidad o al realizar actuaciones delictivas que le sean atribuibles. Esta imposición no descarta la responsabilidad individual de los componentes de la corporación que participaron en los hechos delictivos o que supervisan o administran tales entidades.

En este caso, la prueba fue dirigida a demostrar la relación de la Recurrida con los delitos imputados de conformidad con el quantum de prueba requerido en la etapa de vista preliminar. Según la postura de la Recurrida, no se podía encontrar causa para acusar, dado a que la prueba demostró que los actos descritos por el señor Benítez Crespo fueron dirigidos hacia el señor Murillo Vélez y la corporación. Sin embargo, nuestro derecho permite la acusación de un director u oficial de una corporación cuando los actos fueron realizados a través de oficiales o agentes que actúan bajo su permiso. En el caso de autos, la señora Berríos Hernández funge como presidenta, mientras que el señor Murillo Vélez es el vicepresidente de la corporación. Aunque las actuaciones fueran dirigidas al vicepresidente, lo cierto es que la Recurrida tuvo participación en algunos de los actos. Es decir, la contratación se realizó con TMTM y fue la señora Berríos Hernández quien firmó el contrato en representación de la persona jurídica. De igual manera, fue esta quien recibió el pago por adelantado de la construcción de la casa vagón. Finalmente, surge que el señor Benítez Crespo trajo a su atención solicitud de la devolución del dinero. Ergo, para esta etapa de los procedimientos, existe prueba suficiente para determinar causa probable para acusar.

Es forzoso concluir que el TPI erró en su determinación de *No Causa* para acusar fundamentado en que la Corporación TMTM no fue parte de la denuncia. La disposición legal y la interpretación de esta son claras y establecen que la

responsabilidad penal individual de los miembros o representantes de la corporación no depende de la denuncia del ente corporativo.

**IV.**

Por los fundamentos que anteceden, *expedimos* el recurso de *Certiorari* y *revocamos* la determinación recurrida. Se devuelve el caso al TPI para que continúe con los trámites correspondientes al juicio en su fondo en contra de la señora Berríos Hernández.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones