[No. 18016.  Department Two.  July 12, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. J. W.
CANNON *et al., Appellants.*[1]

CONSTITUTIONAL LAW (106, 113 134)—SPECIAL PRIVILEGES—PROHI-
BITION OF TRADE OR BUSINESS—EQUAL PROTECTION OF THE LAWS—DUE
PROCESS—INSURANCE AGENTS.  The Federal and state constitutional
restrictions against the taking of property without due process of
law, the denial of the equal protection of the laws, and the granting
of special privileges, are not abridged by Rem. Comp.  Stat., § 7243,
making it unlawful for any insurance company or agent to sell or
dispose of a promissory note for premiums on life, health and acci-
dent insurance, prior to the delivery of the policy; since the dis-
crimination between those and other lines of insurance and between
agents and brokers as defined in the insurance code is not arbitrary
or outside of the legislative discretion.

INDICTMENT AND INFORMATION (4)—NECESSITY FOR INFORMATION—
GROSS MISDEMEANORS—STATUTES—CONSTRUCTION.  Rem. Comp. Stat.,
§ 2023, requiring prosecution to be by indictment or information, ex-
cept in cases of "misdemeanor" before a justice of the peace," in-
cludes in the exception ."gross misdemeanors" as subsequently defined
in the criminal code of 1909.

CRIMINAL LAW (128)—EVIDENCE—SECONDARY EVIDENCE—COPIES—
DESTRUCTION OF ORIGINAL.  In the prosecution of an insurance agent
for disposing of a premium note in violation of Rem. Comp. Stat.,
§§ 7243, 7244, it is proper to admit in evidence a copy of the note,
upon proof by the maker that she had destroyed the original; and
it is not error to obliterate an affidavit on the back of the copy to
the effect that it was a true copy, before submitting it to the jury.

CRIMINAL LAW (368)—SENTENCE—JURISDICTION OF COURT—INSUR-
ANCE—REVOCATION OF AGENT'S LICENSE.  Under Rem. Comp. Stat.,
§ 7244, providing that an agent disposing of premium notes in vio-

[1]Reported in 217 Pac. 18.

lation of Id., § 7243, shall be fined and "shall have his license revoked," it is proper to include the revocation in the judgment and sentence.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 13, 1922, upon a trial and conviction of a violation of the insurance code. Affirmed.

*W. U. Park,* for appellants.

*Malcolm Douglas* and *Chester A. Batchelor,* for respondents.

Tolman, J.—Appellants were informed against, tried and convicted of the violation of § 7243, Rem. Comp. Stat. [P. C. § 3134], being a part of the insurance code. The section in question refers only to those engaged in writing life, health and accident insurance, and reads as follows:

"It shall be unlawful for any company or agent thereof to hypothecate, sell, or dispose of a promissory note, received in payment for any part of a premium on a policy of insurance applied for under the provisions of this article, prior to the delivery of the policy to the applicant."

Appealing from judgments imposing fines of $100 each and revoking the license of each to act as insurance agent, the appellants raise five principal contentions, which will be considered in their order:

(1) That the statute is unconstitutional in that it abridges their privileges, deprives them of the use and enjoyment of their property without due process of law, and denies them the equal protection of the law; grants to others privileges and immunities denied to them, and discriminates against them and in favor of others similarly situated, in contravention of the fourteenth amendment to the Constitution of the United

States, and of §§ 3 and 12 of art. I, of our state constitution.

The main argument under this head is directed to the supposed discrimination between those engaged in life, health and accident insurance, and those insuring in other lines, and between an agent and a broker. The section quoted contains no explicit reference to an insurance broker, though the code recognizes and defines the duties of a broker, and in most respects places him upon the same level as an agent, though an agent is designated as "duly appointed or authorized by an insurance company", while a broker is one "who for compensation, not being an appointed agent of the company . . .", etc. Appellant makes a strong and pleasing argument in an attempt to demonstrate that, notwithstanding this statutory language, there is no difference in practical effect between an agent and a broker, and seeks to bring the case within the rule of those authorities which point out that the distinction, to be constitutional, must not be fanciful or purely arbitrary, but must be based upon some reasonable ground: *Lawton v. Stewart Dry Goods Co.,* 247 S. W. (Ky.) 14; *Lossing v. Hughes,* 244 S. W. (Tex. Civ. App.) 556; *Boyd v. United States,* 116 U. S. 616; *Gulf, Colorado & S. F. R. Co. v. Ellis,* 165 U. S. 150. But the legislature evidently intended that there should be a difference by defining an agent as the agent of a company, while a broker is, or may be, the agent of the insured alone. So, also, life, health and accident policies are written on the human body, while other insurance has to do with property only. The one subject is much more important and vital than the other. To a considerable extent, life, health and accident insurance may be sought by persons of less experience

and foresight in business affairs, who require greater protection from the law to prevent impositions.

The settled rule is that a discrimination is valid if not arbitrary in a legislative sense, that is, outside of the wide discretion that the legislature may exercise, and only when it clearly appears that no reasonable distinction exists may we hold the legislative action to be unconstitutional. *German Alliance Ins. Co. v. Lewis,* 233 U. S. 389; *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 39 L. R. A. (N. S.) 466; *State v. Seattle Taxicab & Transfer Co.,* 90 Wash. 416, 156 Pac. 837; *Allen v. Bellingham,* 95 Wash. 12, 163 Pac. 18; *McKnight v. Hodge,* 55 Wash. 289, 104 Pac. 504, 40 L. R. A. (N. S.) 1207; *State ex rel. North Coast Fire Ins. Co. v. Schively,* 68 Wash. 148, 122 Pac. 1020; *Calvin Phillips & Co. v. Fishback,* 84 Wash. 124, 146 Pac. 181. See, also, *State v. Pitney,* 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A 209; *Fisher Flouring Mills Co. v. Brown,* 109 Wash. 680, 187 Pac. 399, and *Parrott & Co. v. Benson,* 114 Wash. 117, 194 Pac. 986. Not being able to say that the legislative classification is an arbitrary one, we hold that the statute is not unconstitutional.

(2) It is contended that this action should have been commenced, if at all, by information or indictment, and not by a complaint filed with a justice of the peace, because the offense charged is a gross misdemeanor. This contention seems to be based upon § 2023, Rem. Comp. Stat. [P. C. § 9148], which reads as follows:

"No person shall be held to answer in any court for an alleged crime or offense, unless upon information filed by the prosecuting attorney, or upon an indictment by a grand jury, except in cases of misdemeanor before a justice of the peace, or before a court-martial."

Passing the question of the repeal of this section by implication by the subsequent enactment of the criminal

code of 1909 (Laws of 1909, p. 377, § 1), and of what is now § 46, Rem. Comp. Stat. [P. C. § 9433], it seems evident that the word "misdemeanor," as used in the section quoted, includes also gross misdemeanor, because at the time of the enactment of that section all criminal offenses except felonies, which were crimes punishable by death or imprisonment in the penitentiary, were known to our law as misdemeanors, and gross misdemeanors were not so designated until the adoption of the criminal code of 1909, *supra*.

(3) Error is assigned upon the admission in evidence of a copy of the note alleged to have been disposed of, upon the testimony of the maker of the note that she had destroyed the original. Admitting that a presumption will arise against a party to an action who purposely destroys such an instrument, still we see no reason, and none is pointed out, why the state, which had no part in the destruction of the note, should be in anywise affected thereby, nor was it error to obliterate the affidavit on the back of the copy to the effect that it was a true copy, before submitting the instrument to the jury.

(4) The contention as to errors in the instructions given have been given due consideration, but, so far as the questions raised are of importance, they have been passed upon adversely by this court in *State v. Burnam*, 71 Wash. 199, 128 Pac. 218; *State v. Cherry Point Fish Co.*, 72 Wash. 420, 130 Pac. 499, and *State v. Smith*, 103 Wash. 267, 174 Pac. 9, and no further discussion seems now to be required.

(5) It is urged that the trial court erred in revoking appellants' licenses as a part of the penalty. The statute fixing the penalty, Rem. Comp. Stat., § 7244 [P. C. § 3222], provides: "shall be fined in any sum not exceeding five hundred dollars and shall have his

license revoked." While it may be true that, if the court did not do so, it would become the duty of the insurance commissioner to revoke the license of a person so convicted, the statute couples the revocation with the infliction of the fine, and we see no reason to hold that it was not the legislative intent that the trial court should, in the one judgment, both fix the fine and revoke the license.

The judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.