[No. 19638. Department Two. February 10, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. ELGIE JONES, *Appellant*, HOWARD JONES, *Defendant*.[1]

[1] CONSTITUTIONAL LAW (113)—EQUAL PROTECTION OF LAWS—CLASS LEGISLATION—CLOSING COUNTY ROADS TO HEAVY VEHICLES. An order closing a county road to all freight trucks, under Rem. Comp. Stat., § 6839, authorizing the commissioners to close a road to travel by all or any class of vehicles, is not an arbitrary classification in violation of the equal protection clause of the fourteenth amendment, since it has a reasonable basis and a state of facts can reasonably be conceived that would sustain it.

[2] HIGHWAYS (32-1)—REPAIR—CLOSING TO HEAVY TRAFFIC—NOTICE —SUFFICIENCY. A notice closing a road to travel, not posted on the road until after its publication, is nevertheless sufficient, where the closing was temporary only, in which case publication was not necessary, under Rem. Comp. Stat., § 6840.

Appeal from a judgment of the superior court for King county, Clifford, J., entered May 26, 1925, upon a trial and conviction of violating an order of county commissioners closing a road. Affirmed.

*Wright, Froude, Allen & Hilen,* for appellant.

*Ewing D. Colvin* and *Eugene Meacham,* for respondent.

MACKINTOSH, J.—It is provided by ch. 21, Session Laws of 1921, p. 87; Rem. Comp. Stat., § 6839, that,

¹Reported in 243 Pac. 1.

whenever the condition of any county road is such that its use by vehicles would greatly damage ît, the board of county commissioners is authorized to close the road to travel by *all or any class of vehicles,* for such period as the board may determine. The law also provides the method of giving notice of the closing of the road, and further provides that any interdicted person disregarding the closing, and using the road after it has been closed by notice, shall be guilty of a misdemeanor.

In pursuance of this statutory authority, the board of county commissioners of King county passed a resolution, which recites that the board, having heard testimony and being fully advised, determines that a highway in King county would be "greatly damaged by the following class of vehicles and for the following described purposes, to wit: All lumber trucks, logging trucks, freight trucks of any name or description, including all motor trucks for hauling logs, lumber, freight, poles, piles, wood or shingle bolts," and resolved that the road described should be closed, for a period of approximately two months, to travel by the class of vehicles described and used for the purposes mentioned.

Appellant was charged in a criminal complaint with having violated the terms of this resolution, and upon his conviction has appealed, arguing, first, that the conviction should be set aside for the reason that the commissioners acted arbitrarily and on a fundamentally wrong basis in classifying the vehicles which should be prohibited from the use of the road.

[1] In determining whether the classification is arbitrary and unwarranted, the rule by which a classification should be tested is nowhere better stated than by the supreme court of the United States in *Lindsley v. Natural Carbonic Gas Co.,* 220 U. S. 61, 31 Sup. Ct.

337, 55 Law Ed. 369, Ann. Cas. 1912C 160, in this language: *

"(1) The equal protection clause of the fourteenth amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. (2) A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. (3) When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. (4) One who assails the classification of such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

See, also, *State v. Cannon*, 125 Wash. 515, 217 Pac. 18.

Applying this test to the county commissioners' resolution, it is impossible to acquiesce in appellant's claim. The appellant argues that the classification should depend upon whether the vehicle had a tendency to injure the road, and that that tendency is to be measured by the weight of the vehicle, its speed, width of the tires, but not by the character of the use to which the vehicle is put. The statute places it within the power of the county commissioners to close the roads to classes of vehicles. The resolution applies to all freight trucks. It is impossible to say that this class of vehicles is arbitrarily selected without any justification. A reasonable basis exists for the classification, and, although it may not be made with mathematical nicety and may result in some inequality, the same may be said of any classification which comes to mind. The impracticability of classification ac-

cording to either weight, or speed, or tires, or a combination of these elements, instantly suggests itself. To determine these matters might necessitate such a patrolling of the highway as to render impossible the enforcement of a closing order. A state of facts can reasonably be conceived which sustains this classification, and that such a state of facts existed, at the time the order was made, must be assumed from the fact that the board of county commissioners so found. Even if this closing order related only to logging trucks, there is authority sustaining such a classification as immune from attack as being arbitrary. *Kennamer v. State,* 150 Ala. 74, 43 South. 482; *Road Trustees v. Brown & Co.,* 75 S. E. (N. C.) 40; *Polglaise v. Commonwealth,* 114 Va. 850, 76 S. E. 897. It is hardly necessary to distinguish cases which have held classifying regulations to have been unreasonable, for against them might be lined up an equal number of decisions holding other regulations not to have been arbitrary. Under the test which is applicable the order here was proper.

[2] Appellant's other contention is that the order closing the road was ineffective, because the notice provided by the statute was not given. The statute provides that, before any road is closed, a notice of the date on and after which the closing shall take place and the period for which the closing shall continue, together with a statement of the class of vehicles which is not to use the road, shall be published in one issue of a newspaper, and a like notice shall be posted [Rem. Comp. Stat., § 6840],

"on or prior to the date of publication of such notice,"

upon the road, and that no road shall be closed sooner than three days after the publication and posting of the notice; and further provides that, in case of

emergency, roads may be temporarily closed by posting notices without publication. The record here shows that the notice was published on January 30, 1925, but was not posted until the following day. The order closing the road did not go into effect until February 6, 1925, more than three days elapsing between the time of the posting and the closing of the road. It is not necessary to discuss whether this is a defect which would render the closing order inoperative, as the order itself shows that the closing was temporary, and, under the statute in such case, it is immaterial when the publication took place.

The judgment of conviction is affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.