[No. 24640.   *En Banc.*   July 18, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Kenneth Scott, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY *et al., Respondents.*[1]

*Edwin H. Flick* and *Herald A. O'Neill,* for relator.

*The Attorney General* and *W. J. Lindberg,* for respondents.

*Thomas Balmer, Charles S. Albert,* and *Reuben C. Carlson, amici curiae.*

[1]Reported in 24 P. (2d) 87.

MAIN, J.—By this action, it is sought to enjoin the defendants as state officers from enforcing the provisions of chapter 166, Laws of 1933, p. 613. [Rem. 1933 Sup., § 6381-1 *et seq.*] To the complaint, a demurrer was interposed and sustained. From the judgment dismissing the action, the plaintiff brings the case here for review.

The plaintiff, as relator, says that the act is unconstitutional because it denies to him what is guaranteed by the equal protection clause of the fourteenth amendment to the constitution of the United States. The title of the act relates to transportation by motor vehicles over the public highways of this state, and provides for the supervision, regulation and taxation thereof and the payment of certain fees. In the act, transportation by motor vehicles is divided into four classes, "certified operator," "contract hauler," "for hire carrier," and "private carrier." We are here concerned only with the classifications of "contract hauler" and "for hire carrier."

Subdivision (f) of § 1 defines "contract hauler" to mean:

" . . . every person owning, controlling, operating or managing any motor vehicle used in the business of transporting property for compensation, other than as a certified operator, over any public highway between fixed termini or over a regular route, not operating exclusively within the incorporated limits of any city or town: *Provided,* That the term 'contract hauler' shall not include any person owning, controlling, operating, or managing any motor vehicle operated exclusively in transporting agricultural, horticultural, or dairy or other farm products from the point of production to the market." Id., § 6381-1.

It will be observed that from the definition of "contract hauler" is specifically excluded any person engaged in transporting "agricultural, horticultural, or

dairy or other farm products." This proviso does not set the haulers of such products outside of the provisions of the act, but only eliminates such transportation from the classification of "contract hauler."

Section 13 defines the term "for hire carrier" to mean:

" . . . every person, owning, controlling, operating or managing any motor vehicle used in the business of transporting property for compensation over any public highway, except such persons as are included in the terms 'certificated [certified] operator' and 'contract hauler' as hereinbefore defined, not operating exclusively within the incorporated limits of any city or town." Id. § 6381-13.

By this definition, it is said that "every person" shall be within its classification except "certified operator" and "contract hauler." "Every person," of course, would necessarily include those transporting by motor vehicles agricultural, horticultural, dairy and other farm products, and the haulers of such products are thus brought definitely within the provisions of the act, and are under the classification of "for hire carriers."

We do not understand it to be contended that, if the carriers of agricultural, horticultural, dairy or other farm products are within the classification of "for hire carriers," the rights of the relator have been invaded.

The cases of *Louis v. Boynton,* 53 Fed. (2d) 471, *Nutt v. Ellerbe,* 56 Fed. (2d) 1058, and *Smith v. Cahoon,* 283 U. S. 553, relied upon by the relator as controlling, are not in point. In each of those cases, the court was considering a statute regulating transportation over the public highways by motor vehicles in which the transportation of agricultural, horticultural and dairy products was expressly excluded from the provisions of the act. As we have seen, there is no

such provision in the statute now before us, but the haulers of such products are within the act under the classification of "for hire carriers."

It is further contended that § 27 of the act, which provides that for the registration of each motor vehicle there shall be paid and collected annually three dollars, and also provides that for each truck or trailer the fees shall be based upon the maximum rate of carrying capacity thereof, is invalid. The latter part of the section provides that the fee for any truck or trailer used only for the purpose of transporting any

" . . . well-drilling machine, air compressor, rock crusher, conveyor, hoist, donkey engine, cook house, tool house, bunk house or similar machine or structure attached to and made a part thereof, shall be three dollars ($3.00)."

Here, again, it is said that, by requiring a less fee for the transportation covered in the last proviso, there is an arbitrary discrimination against other trucks or trailers the fees of which are based upon the carrying capacity.

The highways of the state are public property, and their primary and preferred use is for private purposes. The use for the purposes of gain is special and extraordinary, and the state, through its legislature, has a wide discretion in regulating the use of its highways, and especially their regulation for gain or profit. *Stephenson v. Binford,* 287 U. S. 251.

In making the classification, the legislature is entitled to consider the frequency and character of its use and to adapt its regulations to the class of operations. The distinction between property employed in conducting a business which requires constant and unusual use of the highways and property not so employed is plain. In *Continental Baking Co. v. Woodring,* 286 U. S. 352, 81 A. L. R. 1402, it is said:

"The legislature in making its classification was entitled to consider frequency and character of use and to adapt its regulations to the classes of operations, which by reason of their habitual and constant use of the highways brought about the conditions making regulation imperative and created the necessity for the imposition of a tax for maintenance and reconstruction. As the court said in *Alward v. Johnson,* 282 U. S. 509, 513, 514: 'The distinction between property employed in conducting a business which requires constant and unusual use of the highways, and property not so employed, is plain enough.' [Citing authorities.]"

A classification which rests upon any reasonable basis and is therefore not purely arbitrary will be sustained, and, if a state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. *State v. Jones,* 137 Wash. 556, 243 Pac. 1; *Lindsley v. Natural Carbonic Gas Co.,* 220 U. S. 61, Ann. Cas. 1912C, 160. It may be easily conceived that the legislature, taking into consideration the character and use made of the highways by well-drilling machines, etc., found that such use was seasonable and intermittent, and for this reason such machines were classified on a lower fee basis than was required of motor vehicles making use of the highways continuously.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, MILLARD, STEINERT, MITCHELL, and BLAKE, JJ., concur.