[No. 21744-5-I.   Division One.   August 14, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH JAMES DETRICK, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy Blood, Deputy,* for respondent.

COLEMAN, C.J.—Kenneth Detrick appeals from his conviction for second degree burglary, assigning error to the admission of certain evidence and to a jury instruction. We affirm.

Manfred and Marta Newhart rented a mobile home near their own home to Roberta Detrick in the summer of 1986. After several months, Mrs. Detrick's ex–husband, Kenneth, started staying with her. Mr. Newhart regarded Kenneth as an unsavory character because he was unemployed and appeared disheveled. On the night of July 18, 1986, about 10 days after Kenneth had arrived, a storage building near the mobile home was burglarized; a window was broken and approximately $1,500 in tools and equipment were removed. Mr. Newhart immediately suspected Kenneth.

Shortly after discovering the burglary on July 19, Manfred and Marta entered the Detricks' mobile home to look for evidence implicating Kenneth in the burglary. They found a letter addressed to Steve Rawley, an inmate at the Monroe Reformatory. The Newharts opened the letter and read it. It was signed by a person named "Jimbo," who described his intent to commit a burglary of the Newharts' tool shed.[1] The Newharts took the letter and called the police.

The police officer who investigated the burglary did not read the letter, but when the Newharts told him of it and the circumstances of its procurement, he told them it would be inadmissible in the prosecution of the burglar. The Newharts destroyed the letter. They testified that they did so because they believed it would be useless in a criminal

---

[1]Testimony at trial established that Detrick is sometimes known by the nickname "Jimbo."

prosecution and that their possession of the letter could lead to trouble for stealing mail.

A police investigation identified a fingerprint on the broken window in the tool shed as that belonging to Kenneth Detrick. At trial the court allowed the Newharts to testify about the contents of the destroyed letter. Detrick was convicted of second degree burglary.

We first address appellant's argument that the Newharts' testimony regarding the contents of the letter they found in the Detrick trailer was inadmissible under the best evidence rule, which provides:

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
>
> **(a) Original Lost or Destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith[.]

ER 1004(a). Appellant argues that the Newharts were the proponents of the evidence and that they destroyed it in bad faith.

■ The trial court's decision to admit this kind of evidence will not be disturbed on appeal absent an abuse of discretion. *Codd v. Stevens Pass, Inc.,* 45 Wn. App. 393, 405, 725 P.2d 1008 (1986), *review denied,* 107 Wn.2d 1020 (1987). The trial court did not abuse its discretion by admitting this evidence.

■ The letter was destroyed by the Newharts. The Newharts were the victims of the crime and the principal witnesses in the prosecution. The Newharts were not, however, the proponents of the evidence. The State is the party prosecuting appellant, not the Newharts. It is the State that has the burden of coming forward with evidence of appellant's guilt. As such, the State is the proponent of evidence introduced against a criminal defendant. Accordingly, because the proponent did not destroy the letter at issue here, ER 1004(a) poses no impediment to the introduction of this evidence. *See State v. Cannon,* 125 Wash. 515, 519, 217 P. 18 (1923) (in a criminal prosecution, the State was not barred from offering testimony of the maker

as to the contents of a note she destroyed); *see also McDonald v. United States,* 89 F.2d 128 (8th Cir. 1937) (party to a lawsuit not prevented from offering evidence regarding the contents of documents destroyed by a witness).

Moreover, even if we were to consider the Newharts to be the proponents of the letter, we would find that the court did not abuse its discretion in admitting the evidence. Both of the Newharts testified that they destroyed the letter, not to conceal its contents, but because the investigating officer led them to believe it was inadmissible in court. They also believed their possession of it could lead them to trouble for stealing mail. Accordingly, there was a tenable basis upon which the trial court could conclude that the letter was not destroyed in bad faith. The trial court did not abuse its discretion by admitting the Newharts' testimony regarding the destroyed letter.

■ We next address appellant's argument that the last paragraph of instruction 12 constituted an impermissible comment on the evidence. That paragraph provided:

> It is no defense to the crime of burglary of a landlord's building by a tenant that the landlord had on a previous occasion entered the tenant's dwelling unit, either lawfully or unlawfully.

The Washington Constitution forbids the court from commenting on evidence. A comment conveys to the jury "a personal opinion of the trial judge regarding the credibility, weight or sufficiency of some evidence introduced at the trial." *State v. Jacobsen,* 78 Wn.2d 491, 495, 477 P.2d 1 (1970). Whether a court's words or acts constitute a comment depends on the facts and circumstances of the case. *Jacobsen,* at 495. A jury instruction that "states the law correctly and concisely and is pertinent to the issues raised in the case does not constitute a comment on the evidence." *State v. Johnson,* 29 Wn. App. 807, 811, 631 P.2d 413 (1981). Instruction 12 did not comment on the evidence.

The bulk of instruction 12 was submitted by the defense and involved the rights and responsibilities of a tenant and

landlord. If anything, the trial court erred by deciding that the defendant was entitled to have instruction 12 submitted to the jury. The legality of the Newharts' entry into the Detricks' trailer had no relevance to the burglary prosecution. The last paragraph of instruction 12 did no more than correctly state the law. *See Johnson,* at 811. There was no error.

The judgment of the trial court is affirmed.

SWANSON and SCHOLFIELD, JJ., concur.