[Nos. 38812-6-I; 38832-1-I. Division One. February 8, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID PAUL EACRET, ET AL., *Appellants*.

---

[41]*Ballard Shipping*, 32 F.3d at 629.

[42]*See Developments in the Law—Employment Discrimination*, 109 HARV. L. REV. at 1575-77 (1996).

*Nielsen, Broman & Associates, P.L.L.C.,* for appellant David Paul Eacret.

*Stella S. Buder* of *Washington Appellate Project,* for appellant Kevin Stewart Eacret.

*Norm Maleng, Prosecuting Attorney,* and *David L. Ryan, Deputy,* for respondent.

PER CURIAM — A photographic montage is not impermissibly suggestive merely because three of the eight photos in the array were of accused assailants. Rather, a suggestive montage is one that directs undue attention to a particular photo. Because the montage used to identify David Paul Eacret as one of three men who participated in an assault

did not highlight his photo, his second degree assault conviction is affirmed.[1]

## FACTS

After speaking with several witnesses and the defendants, a police officer constructed an eight-photograph montage that included photos of Paul, Kevin, and Barry Eacret.[2] Each photo was black and white and came from the state Department of Licensing records. The officer showed the montage to the victim, the victim's friend, and a third witness. The victim and his friend chose photos of Paul, Kevin and Barry as depicting the assailants. The third witness picked photos of Paul and Kevin.

Paul moved to suppress the montage because it included photos of all three Eacrets in the same array. He also argued that the photos did not depict similar-looking people, the photos of Paul and Kevin were clearer than the others, and Paul was older than the other individuals depicted.

The trial court agreed that the photos of Paul and Kevin were clearer and that the array did not consist of similar-looking men. The court also questioned whether including photos of each alleged assailant in the same montage was proper. But the court found that the montage did not unduly highlight the defendants' photos and was not impermissibly suggestive.

Paul appeals, challenging the court's admission of the montage only because it included photos of all three accused assailants. He contends that this feature unfairly

---

[1]Co-defendant Kevin Stewart Eacret appeals his conviction on different grounds. We treat his contentions, which we find to be without merit, in the unpublished portion of this opinion.

[2]Although the victim and his friend identified Barry as one of the assailants, he was not charged in the same information as Paul and Kevin and is not a party to this appeal.

reduced the chance that a witness would pick someone other than an alleged participant.

## DECISION

 Paul's only challenge to the court's admission of the identification evidence is the inclusion of photos depicting each of the three alleged assailants in the same montage. An out-of-court photographic identification meets due process requirements if it is not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.[3] Minor differences in the photos are not suggestive enough to warrant further inquiry into the likelihood of misidentification.[4] When there is no evidence of suggestiveness in the photographic identification procedure, the inquiry ends; in such a case, any uncertainty or inconsistency in identification testimony goes only to its weight, not to its admissibility.[5]

Here, Paul provides no authority to support his contention that inclusion of multiple defendants rendered the montage impermissibly suggestive. In fact, the contrary was found in similar cases.[6] After our own review of the montage, we find nothing that unduly attracts attention to Paul's photo. Inclusion of the photos of Kevin and Barry did not increase the 1:8 ratio of Paul's photo to the other photos any more than would two photos of people unrelated to the assault. Stated differently, while inclusion increased the chances that a witness would choose one of

---

[3]*Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968); *State v. Hilliard*, 89 Wn.2d 430, 438, 573 P.2d 22 (1977).

[4]*See, e.g., State v. Hendrix*, 50 Wn. App. 510, 513-14, 749 P.2d 210 (1988) (defendant's photo only one with tiny number in corner); *State v. Weddel*, 29 Wn. App. 461, 474-76, 629 P.2d 912 (1981) (defendant's photo one-quarter of an inch larger and with unique background).

[5]*State v. Vaughn*, 101 Wn.2d 604, 610-11, 682 P.2d 878 (1984).

[6]*State v. Smith*, 9 Wn. App. 279, 281-82, 511 P.2d 1032 (1973) (no impermissible suggestiveness where 3 of 11 photos larger and 2 of those 3 were of defendant); *United States v. Cunningham*, 423 F.2d 1269, 1272-73 (4th Cir. 1970) (fact 7 of 14 photos were of defendants did not render procedure impermissibly suggestive).

the three suspects rather than a non-suspect, it did not make it more likely that Paul's photo would be the one chosen. For these reasons, we reject Paul's argument and affirm his conviction.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be published in the Washington Appellate Reports but will be filed of public record pursuant to RCW 2.06.040, it is so ordered.