[No. 19633-0-III. Division Three. December 18, 2001.]

THE STATE OF WASHINGTON, *Respondent,* v. ODELL KINARD, JR., *Appellant.*

*William D. Edelblute*, for appellant.

430

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for respondent.

SWEENEY, J. — A photomontage is admissible unless it is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Barker,* 103 Wn. App. 893, 905, 14 P.3d 863 (2000), *review denied,* 143 Wn.2d 1021 (2001). Here, the trial court found that there was little likelihood of irreparable misidentification. The finding is supported factually and follows the court's consideration of appropriate factors. The judge did not then abuse his discretion. We also reject Mr. Kinard's challenge to the trial court's discretionary decision to admit testimony about a piece of paper with Mr. Kinard's name and phone number on it—a piece of paper the police lost. We, accordingly, affirm Mr. Kinard's conviction.

## FACTS

Mr. Kinard does not challenge any of the trial court's factual findings from either the bench trial or suppression hearing. The findings are then verities on appeal. *State v. Hill,* 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

Glenda Davis is a confidential informant. On August 24, 1999, Ms. Davis went to a targeted address to buy drugs. She knocked on the door. Odell Kinard, Jr., let her in. Ms. Davis was in the house for about two minutes. While inside, Ms. Davis sat across from Mr. Kinard. She was no more than six feet away from him. Mr. Kinard produced some rock cocaine from the sofa. And the exchange was made.

Ms. Davis picked Mr. Kinard from a photomontage the day after the buy. The State charged Mr. Kinard with delivery of a controlled substance.

Mr. Kinard moved to suppress the pretrial photo identi-

fication. The trial court denied the motion to suppress. Mr. Kinard's first trial was to a jury and resulted in a mistrial. The second case was tried to the court.

Police testified that Ms. Davis returned from the targeted address and gave them rock cocaine and a piece of paper with a phone number that said either "OD" or "Odell." Report of Proceedings at 351-55, 372-73, 419-20. The officers lost the paper before trial. The trial court allowed testimony about the contents of the lost piece of paper over defense objection.

Mr. Kinard's theory was that he could not have sold Ms. Davis any drugs because he was at a party for his grandmother. To support his theory, Mr. Kinard presented the testimony of several people who claimed he was cooking at the party.

The trial court convicted Mr. Kinard as charged.

## PRETRIAL PHOTO IDENTIFICATION

Ms. Davis described the man who sold her drugs as being a large black man with gapped buckteeth. The photograph of Mr. Kinard on the photomontage showed his gapped front teeth prominently. No other photographs in the montage showed men with gapped front teeth. The trial court found that the montage was suggestive. Mr. Kinard argues that the patent suggestiveness of the photomontage outshadows any reliability of the montage. And Ms. Davis's in-court identification should also be thrown out because it was tainted by this pretrial identification.

### STANDARD OF REVIEW

The proper standard of review is subject to some question. Mr. Kinard wants us to review de novo. Appellant's Br. at 17-20. The State urges substantial evidence as the correct standard. Resp't's Br. at 5.

There is some authority for an independent evaluation of the evidence presented to the trial court. *State v. Taylor*, 50 Wn. App. 481, 485, 749 P.2d 181 (1988); *State v. Rogers*, 44

Wn. App. 510, 515, 722 P.2d 1349 (1986). These cases stem from *State v. Daugherty*.[1] In *Daugherty*, the court held independent appellate evaluation was necessary for challenges that implicate constitutional rights. *Daugherty*, 94 Wn.2d at 269.

But *Daugherty*'s rationale was undercut by *Hill*. The standard—independent evaluation—was originally reserved for federal review of those state court decisions resolving federal constitutional questions. *Hill*, 123 Wn.2d at 645. The idea was that federal courts should not be bound by state court factual determinations because to do so would interfere with the federal court's role in protecting and safeguarding federal constitutional rights. *Id*. at 645-46.

■ This rule has now been "misappropriated" into our state standards of review. *Id*. at 645. Review by a state appellate court of a state court decision implicating a constitutional right does not raise the same federal concerns. And so the standard is appropriately different:

> [w]ithin our appellate court system there is no reason to make a distinction between constitutional claims, such as those involved in a suppression hearing, and other claims of right. The trier of fact is in a better position to assess the credibility of witnesses, take evidence, and observe the demeanor of those testifying.

*Id*. at 646. Admission of a photo identification or a photomontage is, reduced to its essence, the admission of evidence in a criminal case. *See State v. Tatum*, 58 Wn.2d 73, 75, 360 P.2d 754 (1961). It should therefore be subject to the sound discretion of the trial court. *State v. Harris*, 97 Wn. App. 865, 870, 989 P.2d 553 (1999), *review denied*, 140 Wn.2d 1017 (2000). And the test, a deferential test, is whether there are tenable grounds or reasons for the trial court's decision. *Id*.

PHOTOGRAPHIC IDENTIFICATION

■ "An out-of-court photographic identification meets

---

[1] 94 Wn.2d 263, 616 P.2d 649 (1980).

due process requirements if it is not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Eacret*, 94 Wn. App. 282, 285, 971 P.2d 109 (1999); *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968); *State v. Hilliard*, 89 Wn.2d 430, 438, 573 P.2d 22 (1977); *Barker*, 103 Wn. App. at 905.

 A two-step test is employed to determine whether a photo identification is so impermissibly suggestive that it creates a substantial likelihood of irreparable misidentification. First, the defendant must show that the identification procedure was suggestive. *Barker*, 103 Wn. App. at 905; *State v. Guzman-Cuellar*, 47 Wn. App. 326, 335, 734 P.2d 966 (1987). A suggestive identification procedure is " 'one that directs undue attention to a particular photo.' " *State v. Linares*, 98 Wn. App. 397, 403, 989 P.2d 591 (1999) (quoting *Eacret*, 94 Wn. App. at 283), *review denied*, 140 Wn.2d 1027 (2000).

If the defendant shows that the identification was suggestive, the court must then decide whether "the suggestiveness created a substantial likelihood of irreparable misidentification." *Barker*, 103 Wn. App. at 905; *Linares*, 98 Wn. App. at 401. The trial court's decision must be guided by a list of judicially imposed factual considerations. *Barker*, 103 Wn. App. at 905; *Linares*, 98 Wn. App. at 401; *State v. Maupin*, 63 Wn. App. 887, 897, 822 P.2d 355 (1992).

SUGGESTIVENESS OF IDENTIFICATION PROCEDURE

Ms. Davis described the person who sold her drugs as a black man with a gap in his teeth who appeared to be mildly retarded or have Down's Syndrome. She also stated he had a large forehead. But she was primarily fixated on his teeth.

The photomontage the police showed Ms. Davis included pictures of six black men of large build. But the only photograph showing prominent gapped teeth is Mr. Kinard's. The trial court found that the photomontage was suggestive. We have looked at the photomontage. And the court's finding is amply supported. But that does not end

our inquiry. The next question is whether the suggestive montage created a substantial likelihood of irreparable misidentification. *Barker*, 103 Wn. App. at 905; *Linares*, 98 Wn. App. at 401.

SUBSTANTIAL LIKELIHOOD OF IRREPARABLE MISIDENTIFICATION

Deciding whether there is a substantial likelihood of irreparable misidentification requires the trial judge to consider the following factors:

> (1) the opportunity of the witness to view the criminal at the time; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation.

*Barker*, 103 Wn. App. at 905.

Each requires a factual finding. And our review is limited to whether the trial court's findings are supported by substantial evidence. *Hill*, 123 Wn.2d at 647.

Here, the trial court's finding is:

> The Court applied the five factors as set forth in <u>Neil v. Biggers</u>, 409 U.S. 188 (1972),[2] to the evidence before it. Ms. Davis had the opportunity to view the defendant at the scene of the crime. Her attention was focused on the defendant. Her description of the suspect fit that of the defendant and is accurate. She exhibited a high level of certainty in her identification of the defendant independent of the photomontage. She had the opportunity to make an identification of the defendant within a day or two following the alleged incident.

Clerk's Papers at 45.

The court applied the required test. *Barker*, 103 Wn. App. at 905. And Mr. Kinard does not challenge the court's finding. It is therefore a verity on appeal. *Hill*, 123 Wn.2d at 644. Given these findings, the court did not abuse its discretion by admitting evidence of the photo identification. *Harris*, 97 Wn. App. at 870.

---

[2] These are the same five factors listed above as set forth in *Barker*. *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972).

In sum, the admission of evidence of a photo identification is reviewed under the same standard as any other evidentiary ruling—abuse of discretion. Here, the trial court exercised its discretion guided by appropriate factors. *Barker*, 103 Wn. App. at 905. These are tenable grounds and reasons. And the court did not then abuse its discretion by admitting the pretrial photographic identification of Mr. Kinard. *Harris*, 97 Wn. App. at 870.

### TESTIMONY ABOUT THE LOST PIECE OF PAPER

Mr. Kinard argues that the trial court should not have allowed testimony on the lost piece of paper that Mr. Kinard allegedly gave Ms. Davis. Allowing the testimony about the paper violated the best evidence rule (ER 1002, 1004) and the paper, even if legitimately lost, was never properly authenticated (ER 901).

■ ■ The admission and exclusion of evidence is reviewed for an abuse of discretion. *Harris*, 97 Wn. App. at 870; *State v. Detrick*, 55 Wn. App. 501, 503, 778 P.2d 529 (1989).

The Rules of Evidence (ER) allow "other evidence of the contents of a writing . . . if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." ER 1004(a).

Here, the police candidly took responsibility for losing the piece of paper. No other theories were advanced as to where the paper might be. And Mr. Kinard does not allege that the piece of paper was lost or destroyed in bad faith. Indeed, any such argument defies logic because having the piece of paper could only benefit the State's case.

The trial court held that testimony about the paper was proper under ER 1004(a) because it had been lost. This was proper. ER 1004(a). *See Detrick*, 55 Wn. App. at 502-04 (court allowed witnesses to testify under ER 1004 about the contents of a letter that they destroyed in good faith).

Mr. Kinard next argues that the court erred by admitting testimony about the paper because it was not authenticated

under ER 901. Mr. Kinard cites to no cases in support of his argument.

■ ER 901 is satisfied, however, with testimony from personal knowledge. ER 901(b)(1). Here, two officers and Ms. Davis testified about the piece of paper—all based on their personal knowledge of it.

■ Moreover, concerns with evidentiary rulings are reduced when the trial judge is sitting as the fact finder because the court is deemed to have relied only upon proper evidence. *State v. Melton*, 63 Wn. App. 63, 68, 817 P.2d 413 (1991).

The trial court's conclusion that testimony about the piece of paper was admissible under ER 1004(a) is supported by the record and not an abuse of discretion. In any event, the trial court did not incorporate the piece of paper into its findings of fact and conclusions of law.

We affirm Mr. Kinard's conviction for delivery of a controlled substance.

BROWN, A.C.J., and KATO, J., concur.

Review denied at 146 Wn.2d 1022 (2002).